UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 20-cv-25334-BB

ALVIN CANDIDATE,

    Plaintiff,

vs.

CITY OF MIAMI, et al.,

    Defendants.
_____/

## DEFENDANT CITY OF MIAMI'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW, Defendant, CITY OF MIAMI ("CITY"), a Florida municipal corporation, by and through its undersigned counsel and files its Answer to Plaintiff's Complaint, and states:

### Nature of the Case

1. As to paragraph 1, Defendant CITY denies the allegations contained therein and, therefore, denies same and demands strict proof thereof at time of trial.

2. As to paragraph 2, Defendant CITY denies the allegations contained therein and, therefore, denies same and demands strict proof thereof at time of trial.

3. As to paragraph 3, Defendant CITY denies the allegations contained therein and, therefore, denies same and demands strict proof thereof at time of trial.

4. As to paragraph 4, Defendant CITY denies the allegations contained therein and, therefore, denies same and demands strict proof thereof at time of trial.

5. As to paragraph 5, Defendant CITY denies the allegations contained therein and, therefore, denies same and demands strict proof thereof at time of trial.

6. As to paragraph 6, Defendant CITY denies the allegations contained therein and, therefore, denies same and demands strict proof thereof at time of trial.

7. As to paragraph 7, Defendant CITY denies the allegations contained therein and, therefore, denies same and demands strict proof thereof at time of trial.

8. As to paragraph 8, Defendant CITY denies the allegations contained therein and, therefore, denies same and demands strict proof thereof at time of trial.

### Jurisdiction and Venue

9. As to paragraph 9, Defendant CITY is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies same and demands strict proof thereof at time of trial.

10. As to paragraph 10, Defendant CITY is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies same and demands strict proof thereof at time of trial.

11. As to paragraph 11, Defendant CITY is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies same and demands strict proof thereof at time of trial.

12. As to paragraph 12, Defendant CITY is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies same and demands strict proof thereof at time of trial.

13. As to paragraph 13, Defendant CITY is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies same and demands strict proof thereof at time of trial.

[INTENTIONALLY LEFT BLANK]

## The Parties

14. As to paragraph 14, Defendant CITY is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies same and demands strict proof thereof at time of trial.

15. As to paragraph 15, Defendant CITY admits the allegations contained therein.

16. As to paragraph 16, Defendant CITY admits the allegations contained therein.

17. As to paragraph 17, Defendant CITY is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies same and demands strict proof thereof at time of trial.

18. As to paragraph 18, Defendant CITY is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies same and demands strict proof thereof at time of trial.

## General Allegations

19. As to paragraph 19, Defendant CITY denies the allegations contained therein and, therefore, denies same and demands strict proof thereof at time of trial.

20. As to paragraph 20, Defendant CITY is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies same and demands strict proof thereof at time of trial.

21. As to paragraph 21, Defendant CITY denies the allegations contained therein and, therefore, denies same and demands strict proof thereof at time of trial.

22. As to paragraph 22, Defendant CITY is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies same and demands strict proof thereof at time of trial.

23. As to paragraph 23, Defendant CITY admits that the use of body-cams by police officers is intended to, among other things, provide object evidence of the conduct of police officers in their interactions with civilians and that Defendant CITY instructs its officers to use their body-cams whenever they interact with civilians. Defendant CITY, however, denies the remainder of the allegations contained in paragraph 23 same and demands strict proof thereof at time of trial.

24. As to paragraph 24, Defendant CITY denies the allegations contained therein and, therefore, denies same and demands strict proof thereof at time of trial.

## COUNT I

## VIOLATION OF CIVIL RIGHTS UNDER § 1983
## AGAINST THE CITY

25. Defendant CITY re-asserts/re-alleges its answers as to each and every allegation set forth in paragraphs 1 through 24 as if fully set forth herein and incorporated herein.

26. As to paragraph 26, Defendant CITY denies the allegations contained therein and, therefore, demands strict proof thereof at time of trial.

27. As to paragraph 27, Defendant CITY is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies same and demands strict proof thereof at time of trial.

28. As to paragraph 28, Defendant CITY is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies same and demands strict proof thereof at time of trial.

29. As to paragraph 29, Defendant CITY admits the allegations contained therein.

30. As to paragraph 30, Defendant CITY denies the allegations contained therein and, therefore, denies same and demands strict proof thereof at time of trial.

31. As to paragraph 31, Defendant CITY denies the allegations contained therein and, therefore, denies same and demands strict proof thereof at time of trial.

32. As to paragraph 32, Defendant CITY denies the allegations contained therein and, therefore, denies same and demands strict proof thereof at time of trial.

33. As to paragraph 33, Defendant CITY denies the allegations contained therein and, therefore, denies same and demands strict proof thereof at time of trial.

34. As to paragraph 34, Defendant CITY denies the allegations contained therein and, therefore, denies same and demands strict proof thereof at time of trial.

35. As to paragraph 35, Defendant CITY denies the allegations contained therein and, therefore, denies same and demands strict proof thereof at time of trial.

36. As to paragraph 36, Defendant CITY denies the allegations contained therein and, therefore, denies same and demands strict proof thereof at time of trial.

37. As to paragraph 37, Defendant CITY denies the allegations contained therein and, therefore, denies same and demands strict proof thereof at time of trial.

38. As to paragraph 38, Defendant CITY denies the allegations contained therein and, therefore, denies same and demands strict proof thereof at time of trial.

39. As to paragraph 39, Defendant CITY denies the allegations contained therein and, therefore, denies same and demands strict proof thereof at time of trial.

40. As to paragraph 40, Defendant CITY denies the allegations contained therein and, therefore, denies same and demands strict proof thereof at time of trial.

41. As to paragraph 41, Defendant CITY denies the allegations contained therein and, therefore, denies same and demands strict proof thereof at time of trial.

42. As to paragraph 42, Defendant CITY denies the allegations contained therein and, therefore, denies same and demands strict proof thereof at time of trial.

43. As to paragraph 43, Defendant CITY denies the allegations contained therein and, therefore, denies same and demands strict proof thereof at time of trial.

44. As to paragraph 44, Defendant CITY denies the allegations contained therein and, therefore, denies same and demands strict proof thereof at time of trial.

45. As to paragraph 45, Defendant CITY denies the allegations contained therein and, therefore, denies same and demands strict proof thereof at time of trial.

46. As to paragraph 46, Defendant CITY denies the allegations contained therein and, therefore, denies same and demands strict proof thereof at time of trial.

47. As to paragraph 47, Defendant CITY denies the allegations contained therein and, therefore, denies same and demands strict proof thereof at time of trial.

## COUNT II

### VIOLATION OF CIVIL RIGHTS UNDER § 1983
### AGAINST TARDIEU AND MICHEL

48. Defendant CITY re-asserts/re-alleges its answers as to each and every allegation set forth in paragraphs 1 through 24, as if fully set forth herein and incorporated herein.

49. As to paragraphs 49 through 54, said claims are not brought against CITY and, therefore, no response is necessary.  However, if allegations can be construed as directed to CITY, CITY denies any and all allegations contained therein and therefore demands strict proof at the trial of this cause.

[INTENTIONALLY LEFT BLANK]

CASE NO.: 20-CV-25334

# COUNT III

## BATTERY
## AGAINST TARDIEU AND MICHEL AND THE CITY (STATE TORT)

55. Defendant CITY re-asserts/re-alleges its answers as to each and every allegation set forth in paragraphs 1 through 24, as if fully set forth herein and incorporated herein.

56. As to paragraph 56, Defendant CITY denies the allegations contained therein and, therefore, demands strict proof thereof at time of trial.

57. As to paragraph 57, Defendant CITY denies the allegations contained therein and, therefore, demands strict proof thereof at time of trial.

58. As to paragraph 58, Defendant CITY denies the allegations contained therein and, therefore, demands strict proof thereof at time of trial.

59. As to paragraph 59, Defendant CITY is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies same and demands strict proof thereof at time of trial.

60. As to paragraph 60, Defendant CITY denies the allegations contained therein and, therefore, demands strict proof thereof at time of trial.

61. As to paragraph 61, Defendant CITY denies the allegations contained therein and, therefore, demands strict proof thereof at time of trial.

All allegations contained in the complaint not specifically admitted are hereby denied.

All allegations of wrongdoing made against Defendant, CITY, are hereby denied.

## AFFIRMATIVE DEFENSES

62. Further answering and as its first affirmative defense, Defendant CITY, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, would allege and assert that the Plaintiff's complaint fails to state a claim upon which relief can be granted.

63. As its second affirmative defense, Defendant CITY would allege and assert that Plaintiff's injuries, if any, was caused in whole or in part by Plaintiff's own unlawful acts or conduct, and accordingly Plaintiff may not recover.

64. As its third affirmative defense, Defendant CITY would allege and assert that Plaintiffs has failed to mitigate his alleged damages.

65. As its fourth affirmative defense, Defendant CITY would allege and assert that it is entitled to a set off or a reduction in damages for any and all benefits paid to or on behalf of Plaintiff, by any and all collateral sources of indemnity.

66. As its fifth affirmative defense, Defendant CITY would allege and assert that its employees were acting in the course and scope of their employment and that they acted using only such force as was reasonable or necessary under the circumstances; in pursuit of lawful or legal duty; and/or in self-defense or in protection of others or other police officers.

67. As its sixth affirmative defense, Defendant CITY would allege and assert that its employees' actions were in accordance with the prevailing law.

68. As its seventh affirmative defense, Defendant CITY would allege and assert that at all times its employees had probable cause to arrest the Plaintiff.

69. As its eighth affirmative defense, Defendant CITY would allege and assert that Plaintiff's Complaint fails to state a cause of action against Defendant CITY for, pursuant to *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978), there can be no recovery for a federal civil rights violation where there is no constitutional deprivation occurring pursuant to governmental policy or custom.

70. As its ninth affirmative defense, Defendant CITY would allege and assert that Defendant CITY is entitled to the immunity provision contained in §768.28, Florida Statutes.

71. As its tenth affirmative defense, Defendant CITY would allege that it may not be held liable for employee conduct which is malicious or which is outside that course and scope of the employee's employment, in accordance with §768.28, Florida Statutes.

72. As its eleventh affirmative defense, Defendant CITY would allege that that there is no policy, practice or custom of a failure to train its employees.

73. As its twelfth affirmative defense, Defendant CITY would allege that at all times it has implemented reasonable and adequate policies, procedures, and standards as to the use of force.

74. As thirteenth affirmative defense, Defendant CITY would allege that it utilizes adequate procedures for hiring, training, retaining, and disciplining its employees.

75. Defendant CITY reserve the right to amend and supplement these affirmative defenses adding such affirmative defenses as may appear to be appropriate upon further discovery being conducted in this case.

## DEMAND FOR TRIAL BY JURY

Defendant CITY hereby demands trial by jury on all issues so triable.

WHEREFORE, for the reasons above stated, Defendant CITY respectfully request that this Court enter a judgment in its favor and to award Defendant CITY its costs and expenses incurred in the defense of this matter.

Dated March 4, 2021

        Respectfully submitted,

        VICTORIA MÉNDEZ, City Attorney
        DOUGLAS A. HARRISON,
        Senior Assistant City Attorney
        Attorneys for City of Miami
        444 S.W. 2nd Avenue, Suite 945
        Miami, FL 33130-1910
        Tel.: (305) 416-1800
        Fax: (305) 416-1801

<u>**CASE NO.: 20-CV-25334**</u>

Email: daharrison@miamigov.com

By: <u>*/s/ Douglas A. Harrison*</u>
     Douglas A. Harrison
     Senior Assistant City Attorney
     Florida Bar No. 75566

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed with the Clerk of the Court using CM/ECF on this the <u>4th</u> day of March, 2021, and served to those listed on the attached Service List, either via transmission of Notices of Electronic filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic filing.

By: <u>*/s/ Douglas A. Harrison*</u>
     Douglas A. Harrison
     Senior Assistant City Attorney

CASE NO.: 20-CV-25334

## SERVICE LIST

Domingo C. Rodriguez, Esq.
Rodriguez Law Office, LLC
95 Merrick Way, Suite 720
Coral Gables, FL 33134
domingo@rlomiami.com
Attorneys for Plaintiff, Alvin Candidate

Curt Obront, Esq.
Obront Corey, PLLC
One Bayfront Tower
100 South Biscayne Boulevard, Suite 800
Miami, FL 33131
curt@obrontcorey.com
Attorneys for Plaintiff, Alvin Candidate